STATE OF MINNESOTA, *ex rel.* JOHN PREBYL, *vs.* PATRICK FLAHERTY and others, Supervisors, etc.

May 5, 1891.

Highways—Costs on Appeal to Justice.—Under the provisions of Gen. St. 1878, *c.* 13, § 61, relating to appeals to justices of the peace from the decisions of town supervisors or county commissioners, in respect to highways and cartways, a justice is authorized to enter judgment for costs of the appeal in favor of the prevailing party.

Prebyl, the relator, appealed to a justice of the peace from the refusal of the supervisors of the town of Maple Lake, in Wright county, to lay out a cartway. The jury summoned by the justice made return reversing the action of the supervisors, and the justice thereupon rendered judgment in favor of Prebyl and against the town for $98.65 costs. A certified copy of the judgment was presented to the board of supervisors and demand made that the amount with interest be added to the tax of the town and certified to the county auditor. This being refused, Prebyl obtained from the district court for Wright county an alternative writ of *mandamus* and, after a hearing before

*Young,* J., it was ordered that a peremptory writ issue commanding the supervisors to cause the amount of the judgment with interest to be added to the tax of the town and to be certified to the county auditor, and it was also ordered that the relator have judgment for his costs. From this order the supervisors appeal.

*Wm. E. Culkin,* for appellants.

*Jas. C. Tarbox,* for respondent, (relator.)

COLLINS, J.[1] The sole question for consideration in this proceeding is as to the power of a justice of the peace to enter judgment against a town for the amount of an appellant's costs, in cases where an order or determination of the town supervisors refusing to lay out a highway or cartway is reversed upon an appeal taken under the provisions of Gen. St. 1878, *c.* 13, §§ 59, 60. The appellants here (defendants below) insist that a justice has no such power; that his connection with the proceedings terminates when he receives the return of the jury and files it with the town clerk or county auditor, as the case may be; and that the costs paid or incurred by the appellant in justice's court are to be passed upon and allowed by the supervisors as any other claim against the town. The statute in reference to the costs on such appeals does not expressly provide for an entry of judgment, its language (chapter 13, *supra,* § 61) being: "If the determination of the supervisors or commissioners shall be affirmed by the jury, the party appealing shall pay all costs; but if such determination shall be reversed, * * * then the costs in the case shall be a charge against the town or county," etc. The fact, however, that there is no language which expressly directs a determination of the amount of the costs by the justice, or an entry of judgment by him, cannot control; for several instances might be referred to where, under our statutes, costs or disbursements, or both, are awarded in judicial proceedings in favor of the prevailing party, without express provision for their ascertainment or for an entry of judgment therefor. It is obvious that when an appeal is taken all subsequent proceedings are of a judicial character. The jury is selected and impanelled, the witnesses are sworn and examined, and the trial

[1] Mitchell, J., was absent, and took no part in this case.

had, in one of the judicial tribunals of the state. As in the trial of other cases, certain expenses are incurred by the parties, some of which are recognized by the statute as a proper charge against the defeated party; while other items of expense, necessarily incident to the litigation, must be borne, without regard to results, by the party incurring the same. Costs on appeals of this nature are allowances awarded the prevailing party, such sums as have been fixed by law as fees for the officers, for the jurors, and for the witnesses. The amount of these fees can only be ascertained in the tribunal wherein they may have been made, and are not costs, within the meaning of paragraph 61, until adjudicated and determined by a formal judgment of the court. To construe this statute as demanded by the appellants here would require us to hold that the law-makers intended to put a prevailing town or county to the trouble of collecting its costs from an appellant, when the order of the supervisors or commissioners stood affirmed, in some unsuggested manner, not by means of a judgment in the same proceeding; and would also lead to the absurdity of declaring, in cases where the order of the town or county board was reversed, that the bill of costs incurred by a successful appellant should be passed upon and audited by the defeated respondent. Such a construction of the statute cannot obtain.

Order affirmed.

